# IN THE UNITED STATES DISTRICT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No.: 17-29(PG) |
| | ) |
| (1) EDWIN Y. PEREZ CRUZ | ) |
| Defendant | ) |

## SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

    COMES NOW, EDWIN PEREZ CRUZ, hereinafter Mr. Perez represented by the undersigned counsel and very respectfully submits and prays as follows:

**I. LEGAL STANDARD IN SENTENCING**

Before imposing a Sentence, the Court must consider the following factors, pursuant to 18 U.S.C. §3553:

> "a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed -
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for -
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

    (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement -
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense."

## II.   PLEA AGREEMENT

Mr. Perez was originally charged with two (2) counts for possession with intent to distribute controlled substances and one (1) count for possession of a firearm in furtherance of a drug trafficking crime. The defense and the government reached an agreement whereby the government will dismiss count two (2). Mr. Perez pled guilty to the other remaining counts, one and three. In count one, Mr. Perez is held accountable for possession with intent to distribute less than 50 grams of cocaine which, under the United States Sentencing Guidelines (U.S.S.G.) has a base offense level of 12 minus 2 points for acceptance of responsibility equals a total adjusted offense level of 10. Count three has a consecutive minimum term of imprisonment of 60 months. Edwin has been detained since his initial arrest in the instant case.

## III.   THE INCIDENT

The charges stem from a traffic stop that occurred on January 12, 2017, at 11:40 p.m. in Route 66 in Rio Grande, P.R. Edwin Perez was the driver of the vehicle stopped. When Puerto Rico Police (PRP) agents approached the vehicle they asked Mr. Perez for the license and registration, to which he complied with the agent's orders providing the registration of the vehicle, but not the license since he did not have it at the time. Once he provided the registration of the vehicle, the agent asked Mr. Perez to lower the window and again he complied with the order. Once the windows were lowered, agents noticed two passengers and specifically noticed co-defendant number three (Manuel Rodriguez Cotto), in the back passenger seat pushing a plastic bag containing marijuana and a white powdery substance under the front seat. The PRP then asked all the individuals in the vehicle to exit the same. Once they exited and while waiting for additional units to arrive, the agents observed co-defendant number two (Jorge Cadiz Morales) move his waist and while doing this, a firearm dropped from his waist. Agents seized the firearm, arrested all three individuals and seized from the back of the vehicle the plastic bag with the controlled substances. All three individuals were charged. Mr. Perez did not have anything illegal on his person when he was arrested and searched.

## IV.   BACKGROUND INFORMATION ON EDWIN

Mr. Perez is a 32 year old young man. He has an excellent relationship with his family who has provided their unconditional support throughout this ordeal. Edwin is also a father to three beautiful girls ages 5, 8 and 9. Even though Mr. Perez doesn't have the custody of his daughters, he is an excellent father and provides for him. He pays $400.00 monthly in child support for two of his daughters and has an out of court agreement to pay child support for his other daughter.

Mr. Perez has various skills as boat detailer. He enjoys boats and would like to hone his skills as a boat mechanic.

## V. CRIMINAL RECORD

Mr. Perez has several prior arrests and convictions. In total, he has five (5) prior state convictions. Three of these convictions are drug related and two are misdemeanors for which he was sentenced to pay fines. Pursuant to the U.S.S.G., Edwin is in criminal history category four (see page 9 of PSR at docket no. 102). Based on a total offense level of 10 and a criminal history category of four, Mr. Perez's guideline range for count one would be 15 to 21 months imprisonment. If Mr. Perez did not have any prior convictions or if he would have been in criminal history category one, his guideline range for a total base offense level of 10 would have been 6-12 months. Thus, the U.S.S.G. is in fact taking into account his prior record by increasing his guideline imprisonment range by nine (9) months.

Further, the Court should consider that Edwin will receive a mandatory minimum sentence of at least five years consecutive to the sentence imposed in count one. That is, Mr. Perez exposure pursuant to the plea agreement and the sentencing recommendation reached by the parties in the plea agreement (see page 4 of docket entry no. 50) is 75 to 81 months imprisonment. The defense represents to the Court that this is no light sentence, contrary to Mr. Perez's previous state sentences which have been less severe to say the least. In other words, for whatever reason Mr. Perez's previous encounters with the law have ended up either with a slap in the wrist or feeble sentences. By no means is a sentence of 75 months imprisonment a feeble or weak sentence. A sentence of 75 months imprisonment will give Edwin time to reflect and he is already aware and cognizant of the fact that he has caught breaks in his past sentences and now wants to change his life around for the better.

## VI. APLICATION OF THE SENTENCING STANDARDS

A. Gravity of the offense

The offenses here are serious and Edwin knows this. However, Mr. Perez asks the Court to consider that when he was stopped by the PRPD agents he followed all their instructions. Moreover, and this is not to say that he is not accepting responsibility for his actions since he was the driver of the vehicle where the drugs were found, but the fact is he personally did not have possession of the drugs or the firearm.

B. Character of the Offender

Mr. Perez has a prior criminal record. His prior convictions are mostly drug related and misdemeanors. He doesn't have a history of violent behavior. He is a father of three daughters and has the full support of his family.

C. Protection of the Public

The public has a right to be protected from crimes. Sentencing however, is an individualized process. The parties have tailored a sentencing recommendation that takes into account all the sentencing factors for which we request the Court to follow. Mr. Perez understands that when he commits the type of crime he did, it has an effect on the community. People don't feel as safe perhaps as they once did and this has consequences for him for which he has suffered. This is a true wake up call for Mr. Perez; his first time in federal prison and he never wants to go back again. He also understands that he will be placed on supervise release after he finishes serving his time of imprisonment and should he violate any of his conditions he will likely be returned to the Court for sentencing, and face further period of confinement.

D. Sentencing disparity

In the instant case co-defendants number two and three have already been sentenced. Co-defendant no. 2, Jorge Cadiz Morales, who was released on bail before he was sentenced, was sentenced to time served as to count one and 60 months as to count two (see docket entry no. 75). Co-defendant no. 3, Jose Rodriguez Cotto, was sentenced to 27 months imprisonment consecutive to a term imposed at state level (see docket entry no. 93). Thus, in order to avoid any sentencing disparity, we request the Court consider co-defendants' sentences at the time of sentencing Mr. Perez.

## VI. CONCLUSION AND RECOMMENDATION

Edwin is a young man with three daughters who has been previously convicted, but has finally learned his lesson. He has committed mistakes in the past for which he has had slaps in the wrist. However, a sentence of 75 months imprisonment is no slap in the wrist and will give Edwin an opportunity to reflect on his life and know that when he finishes serving his time, he must change his life around for the better. The Defense respectfully requests that the Court consider following the joint recommendation of the government and the defense and impose a sentence of 75 months.

WHEREFORE, it is respectfully requested this Court consider the above at time of sentencing.

RESPECTFULLY SUBMITTED

Dated: August 18, 2018

I HEREBY CERTIFY that on August 18, 2018 I electronically filed the forgoing Motion with the clerk of the court using the CM/ECF electronic filing system, which will send notification of such filing to the attorneys of record.

*Juan A. Albino Gonzalez*
/s/ JUAN A. ALBINO GONZALEZ
Attorney for Defendant
U.S.D.C. – P.R. #225405
Capital Center Building
South Tower Suite 702
239 Arterial Hostos Ave.
San Juan, P.R. 00918
albinogonzalezlaw@gmail.com